UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TRACY INMAN., No. 59137-509,

      Petitioner,

  v.

WARDEN, FCI-Greenville,

      Respondent.

Case No. 26-cv-656-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Tracy Inman's petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (Doc. 1). The petitioner is incarcerated at Federal Correctional Institution at Greenville, Illinois ("FCI-Greenville"), where the defendant is the warden. The petitioner is challenging the computation of her sentence, including whether she has been properly awarded time credits under the First Step Act of 2018 ("FSA"), Pub. L. 115-391, § 101, 132 Stat 5194, 5198 (2018) (codified at 18 U.S.C. § 3632(d)(4)).

This matter is now before the Court for preliminary review pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by a district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of the Federal Rules Governing Section 2254 Cases gives this Court the authority to apply the rules to other *habeas corpus* cases.

In April 2023, the petitioner was sentenced in the United States District Court for the District of Nebraska for possession with intent to distribute 50 grams of more of methamphetamine. *United States v. Inman*, No. 8:21-cr-60 (D. Neb.). She is currently incarcerated at the Federal Prison Camp at FCI-Greenville with a projected release date of

September 18, 2030.  *See* BOP, Find an Inmate, https://www.bop.gov/ inmateloc/ (visited June 8, 2026).  She claims that the BOP has incorrectly calculated her release date because, although it has credited her with 525 days of FSA credits, it has not credited her with an additional 330 days of FSA credits that she has not yet earned but expects to earn in the future before her projected release date.

While her claim is the type of sentence calculation claim that can be brought in a § 2241 petition, *see Pope v. Perdue*, 889 F.3d 410 (7th Cir. 2018)*; Romandine v. United States*, 206 F.3d 731, 736 (7th Cir. 2000), it plainly appears from the petition and its attachments that she is not entitled to relief.

Inman seeks credits that were created by § 101(a) of the FSA, which provides, in pertinent part, that a prisoner who successfully completes evidence-based recidivism reduction ("EBRR") programming or productive activities ("PAs") shall earn 10 days of time credits for every 30 days of participation and possibly another 5 days if they have been a minimum or low risk for recidivating for two consecutive recidivism assessments.  18 U.S.C. § 3632(d)(4)(A); *see* 28 C.F.R. § 523.42(c); BOP P.S. 5410.01 CN-2 § 6, How to earn FTCs, https://www.bop.gov/ PublicInfo/execute/policysearch?todo=query (visited June 10, 2026).  The BOP automatically calculates an inmate's earned FSA credits every 30 days based only on successful completion of full 30-day periods of participation in EBRR programs or PAs.  BOP P.S. 5410.01 CN-2 § 8. FSA credits may only advance an inmate's release to supervised release by twelve months, or 365 days; any excess FSA credits may only be used to advance a transition to prerelease custody. 18 U.S.C. § 3624(g)(3); 18 U.S.C. § 3632(d)(4)(C); *see Puckett v. Acting Warden*, No. 25-CV-1609, 2026 WL 177622, at *2 (S.D. Ill. Jan. 22, 2026).

However, an inmate is eligible for application of FSA credits toward release when she "*has earned* time credits . . . in an amount that is equal to the remainder of the prisoner's

imposed term of imprisonment." 18 U.S.C. § 3624(g)(1)(A) (emphasis added). Similarly, BOP rules provide that "credits must be applied when the amount of time credits earned is equivalent to [the] remainder of the prisoner's imposed term of imprisonment" and that credits "will not be applied towards an inmate's release date unless earned." BOP P.S. 5410.01 CN-2 § 10, Application of FTCs. Thus, until the inmate has earned credits—past tense—equal to her remaining sentence of imprisonment, the credits need not be applied. *Puckett v. Acting Warden*, No. 25-cv-1609, 2026 WL 177622, at *3 (S.D. Ill. Jan. 22, 2026). This makes sense because credits may be lost through disciplinary action, or circumstances may change to impact the rate at which future credits may be earned (*e.g.,* she may not be reduced to a "low" of "minimal" risk). *See Mathers v. Warden, FCI Greenville*, No. 26-cv-31, 2026 WL 369227, at *2 (S.D. Ill. Feb. 10, 2026).

Since the FSA credits Inman has already earned do not equal the remainder of her sentence of incarceration, the BOP could be under no obligation now to credit her for them, much less for any FSA credits she expects to earn in the future.

Additionally, since Inman has already earned more FSA credits, 525 by her count, than could be applied to advance her date of release, any additional FSA credits could only be applied to advance her transition to prerelease custody. They would not shorten the overall length of her sentence, only the location where she serves it, a decision this Court cannot review. After sentencing, the Attorney General, through the BOP, is responsible for administering the sentence, including inmate placement. *United States v. Wilson*, 503 U.S. 329, 335 (1992). The BOP exercises "plenary control" over where an inmate serves her sentence, subject only to statutory limits. *Tapia v. United States*, 564 U.S. 319, 331 (2011); *United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021). Under 18 U.S.C. § 3621(b), a designation of a place of imprisonment "is not reviewable by any court." *Saunders*, 986 F.3d at 1078; *see Puckett*, 2026

3

WL 177622, at *2.

The Court therefore **DISMISSES** Inman's § 2241 petition (Doc. 1) and **DIRECTS** the Clerk of Court to enter judgment accordingly.

If the petitioner wishes to appeal this decision, generally she must file a notice of appeal with this Court within 60 days of the entry of judgment. Fed. R. App. P. 4(a)(1)(B). A motion under Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than 28 days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from judgment, do not toll the deadline for an appeal.

If the petitioner files a motion for leave to appeal *in forma pauperis*, she must include in her motion a description of the issues she intends to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If she appeals and is allowed to proceed *in forma pauperis*, she will be liable for a portion of the $605.00 appellate filing fee (the amount to be determined based on her prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008). It is not necessary for the petitioner to obtain a certificate of appealability from this disposition of her § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**
**DATED:  June 11, 2026**

**J. PHIL GILBERT**
**DISTRICT JUDGE**

4